So Ordered.

Signed this 28 day of June, 2018.

_____

Margaret Cangilos-Ruiz

United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re: Keisha Boothamn

Case No. 16-30476
Chapter 13

Debtor(s).

**STIPULATION AND ORDER AUTHORIZING PARTIES TO ENTER INTO LOAN MODIFICATION AND DIRECTING TREATMENT OF MORTGAGE CLAIM**

WHEREAS, the Debtor(s) are owners of property located at Keisha Boothman ("Property") and BSI Financial Services ("Creditor") is the holder of a note in the original amount of $88,560.00 ("Note") and mortgage ("Mortgage") against the Property securing the Note; and

WHEREAS, a Loss Mitigation Order granting Debtor(s)' Loss Mitigation Request was entered on 05/05/2016; and

WHEREAS, the Loss Mitigation Parties and their respective attorneys have negotiated in good faith and reached an agreement to modify the terms of the Note and Mortgage ("Loan Modification Agreement") and require court approval to enter into such modification.

NOW, IT IS HEREBY STIPULATED AND AGREED as follows:

1

(LM:10 Stip. & Order Auth. Loan Mod. rev. 01-04-2017)

1.  The automatic stay imposed by 11 U.S.C. § 362(a) upon the filing of the Debtor(s)' petition is hereby modified solely for the purpose of allowing the Debtor(s) and Creditor to execute and record a Loan Modification Agreement; and

2.  Debtor(s) and Creditor are hereby authorized to execute and record the Loan Modification Agreement annexed hereto as **Exhibit A**; and

3.  Below is a comparison of the terms of the Note and Mortgage and Loan Modification Agreement:

| Current Terms | | Modified Terms | |
|---|---|---|---|
| Unpaid Principal Balance | $ 90,136,41 | Unpaid Principal Balance | $100,000.00 |
| | | Principal Amount Forgiven | $ |
| Maturity Date | 09/1/2037 | Maturity Date | 7/1/2057 |
| | | Term of modification | 480 months |
| Payment Due Date | 1st of the month | Payment Due Date | 1st of month |
| Monthly Payment | $1,123.72 | Monthly Payment | $919.53 |
| Principal and Interest | $670.84 | Principal and Interest | $482.19 |
| Escrow | $ 452.88 | Escrow | $ 437.34 |
| Interest Rate | 7.375 | Interest Rate | 5.0 |
| Other Salient Terms (*e.g.*, balloon payment) | | Other Salient Terms (*e.g.*, balloon payment) | |
| | | Additional Amount Capitalized | $ |

4.  The secured claim for prepetition mortgage arrears filed by the Creditor as Claim No. - __3__ on the PACER Claim Register ("Claim") is deemed modified to reflect the amount paid by the Trustee as of the date of entry of this Order, with any and all balance due on said Claim reduced to zero ($0.00); and

2

(LM:10 Stip. & Order Auth. Loan Mod. rev. 01-04-2017)

5. The Trustee is hereby directed to *[please check appropriate box below]*:

☐ Cease all further payments to Creditor on the Claim and on any and all Notices of Postpetition Fees and Costs filed in connection with the Claim in this case.

☑ Make the ongoing post-petition mortgage payment to Creditor as set forth in Debtor(s)' chapter 13 plan.

Dated: _____    _____, Esq.

/s/ Peter A. Orville
(Print Name) Attorney for Debtor(s)

Dated: 6/25/18    *Paula Boothman*
Debtor

Dated: _____    _____
Debtor

Dated: _____    _____, Esq.

(Print Name) Attorney for Creditor

Dated: 6/19/18    *Mark Swimelar*

Mark W. Swimelar
Standing Chapter 13 Trustee

###

(LM:10 Stip. & Order Auth. Loan Mod. rev. 01-04-2017)

5.  The Trustee is hereby directed to *[please check appropriate box below]*:

☐ Cease all further payments to Creditor on the Claim and on any and all Notices of Postpetition Fees and Costs filed in connection with the Claim in this case.

☑ Make the ongoing post-petition mortgage payment to Creditor as set forth in Debtor(s)' chapter 13 plan.

Dated: _____, Esq.

/s/ Peter A. Orville
(Print Name) Attorney for Debtor(s)

Dated: _____
Debtor

Dated: _____
Debtor

Dated: 6/18/18 _____, Esq.

ADAM FRIEDMAN
(Print Name) Attorney for Creditor
/s/ Adam S. Friedman, Esq.

Dated: _____

Mark W. Swimelar
Standing Chapter 13 Trustee

###

3

(LM:10 Stip. & Order Auth. Loan Mod. rev. 01-04-2017)

Loan No.: 1461850225

# LOAN MODIFICATION AGREEMENT

This Loan Modification Agreement ("Modification"), is made February 28th, 2018, between Keisha Boothman ("Borrower/Grantor") and U.S. Bank Trust National Association as Trustee of the Igloo Series III Trust, by its attorney in fact, BSI Financial Services ("Lender/Grantee"), whose address is 1425 Greenway Drive, Suite 400, Irving, Texas 75038, in the and amends and supplements (1) the Note (the "Note") made by the Borrower, dated August 7th, 2007 original principal sum of U.S. $ 88,560.00, and (2) the Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), recorded on August 8th, 2007, in Book/Liber 2485, Page 001, Instrument No. 81713. Records of Cayuga County, New York

The Security Instrument, which was entered into as security for the performance of the Note, encumbers the real and personal property described in the Security Instrument (and defined in the Security Instrument as the "Property"), which is located at 30 North Fulton Street, Auburn, New York 13021

Page 1 of 4

EEMENT

Loan No.: 1461850225

That real property is described as follows:

SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.

The Borrower has requested that the Lender modify the terms of the Note and Security Instrument. The Lender has agreed to do so pursuant to the terms and conditions stated in this Modification. In consideration of the agreements made in this Modification, and other good and valuable consideration which the parties agree they have received, the Borrower and Lender agree to modify the terms of the Note and Security Instrument as follows. The Borrower and Lender agree that the provisions of this Modification supersede and replace any inconsistent provisions set forth in the Note and Security Instrument.

1. The Borrower represents that the Borrower [X] is, [ ] is not, the occupant of the Property.

2. The Borrower acknowledges that interest has accrued but has not been paid and the Lender has incurred, paid or otherwise advanced taxes, insurance premiums and other expenses necessary to protect or enforce its interest in the Note and the Security Instrument, and that such interest, costs and expenses, in the total amount of $ 10,696.96 , have been added to the indebtedness under the terms of the Note and Security Instrument. As of July 1st, 2017 , the amount, including such amounts which have been added to the indebtedness (if any), payable under the Note and Security Instrument (the "Unpaid Principal Balance") is U.S. $ 100,000.00

3. Interest at the rate of 5.000% will begin to accrue on the Unpaid Principal Balance as of July 1st, 2017 and the first new monthly payment on the Unpaid Principal Balance will be due on August 1st, 2017. The new Maturity Date will be July 1st, 2057. My payment schedule for the modified Loan is as follows:

| Years | Interest Rate | Interest Rate Change Date | Monthly Principal and Interest Payment Amount | Estimated Monthly Escrow Payment Amount* | Total Monthly Payment* | Payment Begins On | Number of Monthly Payments |
|---|---|---|---|---|---|---|---|
| 1-40 | 5.000% | 07/01/2017 | $482.19 | $437.34 may adjust periodically | $919.53 may adjust periodically | 08/01/2017 | 480 |
| N/A | N/A | N/A | N/A | May adjust periodically | May adjust periodically | N/A | N/A |
| N/A | N/A | N/A | N/A | May adjust periodically | May adjust periodically | N/A | N/A |

*Escrow Impound is required as part of this Modification. The escrow payments may be adjusted periodically in accordance with applicable law and therefore my total monthly payment may change accordingly.

The Borrower will make such payments at   1425 Greenway Drive, Suite 400, Irving, Texas 75038 or at such place as the Lender may require.

4. Except to the extent that they are modified by this Modification, the Borrower will comply with all of the covenants, agreements, and requirements of the Note and Security Instrument, including without limitation, the Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that the Borrower is obligated to make under the Security Instrument.

Further, if applicable, the mortgage insurance premiums may increase as a result of the capitalization which will result in a higher total monthly payment. The date on which Borrower may request cancellation of mortgage insurance may change as a result of the Unpaid Principal Balance.

MULTISTATE LOAN MODIFICATION AGREEMENT                                                                Page 2 of 4

# Exhibit "A"
# Legal Description

ALL THAT TRACT OR PARCEL OF LAND, situate in the City of Auburn, County of Cayuga and State of New York, bounded and described as follows:

BEGINNING at a granite monument located at the intersection of the east line of North Fulton Street with the south line of the Arterial East, and

(1) Thence South 87 degrees 06 minutes 14 seconds East, along said Arterial East, a distance of 77.60 feet to a corner point, and

(2) Thence North 09 degrees 06 minutes 30 seconds West, along said Arterial East, a distance of 24.94 feet to a corner point, and

(3) Thence North 74 degrees 16 minutes 55 seconds East, along said Arterial East, a distance of 186.94 feet to the lands of Lee and Scott Bieber, Book 1291 of Deeds, page 62, and

(4) Thence South 45 degrees 05 minutes 05 seconds East, along the lands of Bieber, a distance of 38.64 feet to the lands of Jeffrey Treveal, Book 1274 of Deeds, page 175, and

(5) Thence South 61 degrees 51 minutes 55 seconds West, along the lands of Treveal, a distance of 66.65 feet to the lands of Janice Carnicelli, Book 1099 of Deeds, page 87, and

(6) Thence North 42 degrees 45 minutes 05 seconds West, along the lands of Carnicelli, a distance of 21.32 feet to a corner point, and

(7) Thence South 46 degrees 56 minutes 55 seconds West, along the lands of Carnicelli, a distance of 66.00 feet to the lands of William and Patricia Lupein, Book 551 of Deeds, page 286, and

(8) Thence South 44 degrees 05 minutes 55 seconds West, along the lands of Lupein and the lands of the Kelliher Trust, Book 1284 of Deeds, page 2, a distance of 82.99 feet to the lands of Edith Morin, Book 1157 of Deeds, page 27, and

(9) Thence North 06 degrees 30 minutes 03 seconds West, along the lands of Morin, a distance of 33.65 to a corner point, and

(10) Thence North 87 degrees 06 minutes 14 seconds West, along the lands of Morin, a distance of 100.25 feet to the east line of North Fulton Street, and

(11) Thence North 04 degrees 01 minutes 40 seconds East, along said street line, a distance of 35.97 feet to the point of beginning.

All bearings are based on Record North and all distances are level.

APN #: 116.39-2-21.1

Loan No.: 1461850225

5. Nothing in this Modification shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except as otherwise specifically provided in this Modification, the Note and Security Instrument will remain unchanged and in full effect, and the Borrower and Lender will be bound by, and comply with, all of the terms and provisions thereof, as amended by this Modification.

**3/6/18**
Date

_Keisha Boothman_ (Seal)
Keisha Boothman —Borrower

_____ (Seal)
Date                        —Borrower

_____ (Seal)
Date                        —Borrower

_____ (Seal)
Date                        —Borrower

## BORROWER ACKNOWLEDGMENT

State of **New York**

County of **Broome**

On this **6th** day of **March**, **2018**, before me, **Sheila K. DeSantis**, a Notary Public in and for said state, personally appeared Keisha Boothman

known to me to be the person who executed the within instrument, and acknowledged to me that he/she/they executed the same for the purpose therein stated.

(Seal)

SHEILA K. DESANTIS
Notary Public, State of New York
No. 4961514
Residing in Broome County
My Commission Expires Feb. 5, 2022

_Sheila K. DeSantis_
Notary Signature
**Sheila K. DeSantis**
Type or Print Name of Notary

Notary Public, State of **New York**

My Commission Expires: **2/5/2022**

ACKNOWLEDGMENT (MULTISTATE)                                    Page 3 of 4

Loan No.: 1461850225

# MODIFICATION BANKRUPTCY DISCLOSURE ADDENDUM

THIS ADDENDUM is made this 28th day of February, 2018, and is incorporated into and shall be deemed to amend and supplement the Loan Modification Agreement of the same date, given by the undersigned (the "Borrower") which modifies Borrower's Note and Security Instrument to U.S. Bank Trust National Association as Trustee of the Igloo Series III Trust, by its attorney in fact, BSI Financial Services
(the "Lender")
and covers the Property located at:

30 North Fulton Street, Auburn, New York 13021
*[Property Address]*

In addition to the covenants and agreements made in the Loan Modification Agreement, the Borrower and Lender covenant and agree as follows:

If applicable, Lender's final approval of the Loan Modification Agreement is contingent upon approval of the Loan Modification Agreement by the bankruptcy court.

Borrower represents that Borrower will seek a discharge in a Chapter 13 bankruptcy proceeding subsequent to the execution of the Loan Modification Agreement.

MODIFICATION BANKRUPTCY DISCLOSURE ADDENDUM-CHAPTER 13 BANKRUPTCY                Page 1 of 3

Loan No.: 1461850225

__3/6/18__  
Date

_____  
Date

_____  
Date

_____  
Date

_Keisha Boothman_ (Seal)  
Keisha Boothman —Borrower

_____ (Seal)  
—Borrower

_____ (Seal)  
—Borrower

_____ (Seal)  
—Borrower

MODIFICATION BANKRUPTCY DISCLOSURE ADDENDUM-CHAPTER 13 BANKRUPTCY                Page 2 of 3

Loan No.: 1461850225

# NOTICE OF NO ORAL AGREEMENTS

THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES.

THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.

Receipt of Notice: The undersigned hereby represents and warrants that I/we have each received and read a copy of this Notice on or before the execution of the "Loan Agreement." "Loan Agreement" means one or more promises, promissory notes, agreements, undertakings, security agreements, deeds of trust or other documents, or commitments, or any combination of those actions or documents, pursuant to which a financial institution loans or delays repayment of or agrees to loan or delay repayment of money, goods, or any other thing of value or to otherwise extend credit or make a financial accommodation.

_/s/ Keisha Boothman_　-Borrower　　　　　　　　　　　　　　　　　　　-Borrower
Keisha Boothman


_____ -Borrower　　　　　　　　　　　_____ -Borrower

NOTICE OF NO ORAL AGREEMENTS (MULTISTATE)　　　　　　　　　　　　　　　　Page 1 of 1

Loan No.: 1461850225

# CORRECTION AGREEMENT

Borrower(s): Keisha Boothman

Property: 30 North Fulton Street, Auburn, New York 13021

Words used in this Agreement are defined below. Words in the singular mean and include the plural and vice versa.

"Borrower" is Keisha Boothman

"Lender" is U.S. Bank Trust National Association as Trustee of the Igloo Series III Trust, by its attorney in fact, BSI Financial Services
, and its successors or assigns.

"Loan" means the debt evidenced by the Note and all sums due under the Security Instrument.

"Note" means the promissory note(s) signed by Borrower in favor of Lender or any assignee of Lender.

"Security Instrument" means the Deed of Trust/Mortgage/Security Deed, signed by Borrower in favor of Lender, securing payment of the Note.

AGREEMENT TO CORRECT OR PROVIDE ADDITIONAL DOCUMENTATION OR FEES: In consideration of the Loan Modification Agreement offered by Lender in the amount of $100,000.00, which modifies the Note and Security Instrument, and regardless of the reason for any loss, misplacement, omission, misstatement or inaccuracy in any Loan documentation, Borrower agrees as follows: If any document is lost, misplaced, omitted, misstated or inaccurately reflects the true and correct terms and conditions of the Loan, upon request of Lender (including any assignee of Lender), Borrower will comply with Lender's request to execute, acknowledge, initial and/or deliver to Lender any documentation Lender deems necessary to replace and/or correct the lost, misplaced, omitted, misstated or inaccurate document(s). All documents Lender requests of Borrower shall be referred to as "Requested Documents." Borrower agrees to deliver the Requested Documents within ten (10) days after receipt by Borrower of a written request for such replacement. Borrower does hereby agree and covenant in order to assure that the Loan documentation executed this date will enable Lender to seek insurance or guaranty from the Department of Housing and Urban Development (HUD) or Department of Veteran's Affairs (VA), if applicable, or to conform with and be acceptable to the Federal National Mortgage Association (FNMA), Federal Home Loan Mortgage Corporation (FHLMC), Government National Mortgage Association (GNMA), or any other investor.

REQUEST BY LENDER: Any request under this Agreement may be made by the Lender (including assignees and persons acting on behalf of the Lender) and shall be prima facie evidence of the necessity for same. A written statement addressed to Borrower at the address indicated in the Loan documentation shall be considered conclusive evidence of the necessity for Requested Documents.

BORROWER LIABILITY: If Borrower fails or refuses to execute, acknowledge, initial or deliver the Requested Documents to Lender within ten (10) days after being requested to do so by Lender, Borrower understands that Lender is relying on the representations contained herein and agrees to be liable for any and all loss or damage which Lender reasonably sustains thereby including, but not limited to, all reasonable attorneys' fees and costs incurred by Lender.

This Agreement shall inure to the benefit of Lender's successors and assigns and be binding upon the heirs, devises, personal representatives, successors and assigns of Borrower.

### ACKNOWLEDGMENT OF RECEIPT

I hereby acknowledge receipt of this Correction Agreement and further acknowledge that I understand its provisions. Words used in this Correction Agreement mean and include the plural and vice versa.

_Keisha Boothman_ 3/6/18
Keisha Boothman      -Borrower (Date)                              -Borrower (Date)


                    -Borrower (Date)                                -Borrower (Date)

CORRECTION.AGREEMENT                                                       Page 2 of 2

Loan No.: 1461850225

# ATTORNEY SELECTION NOTICE

By signing below, it is understood and agreed that you may hire a lawyer or attorney to advise you regarding this transaction and its consequences.

SELLER:                                         BORROWER:

_____              *Kelsha Boothman*  3/6/18
N/A Modification              (Date)           Kelsha Boothman              (Date)


_____              _____
N/A Modification              (Date)                                         (Date)


_____              _____
                              (Date)                                         (Date)


_____              _____
                              (Date)                                         (Date)


ATTORNEY SELECTION NOTICE -MULTISTATE                                    Page 1 of 1

Loan No.: 1461850225

U.S. Bank Trust National Association
as Trustee of the Igloo Series III Trust, --Lender
by its attorney in fact, BSI Financial
Services

03-13-18
-Date

By: *Joseph Gauan*

Its: *Branch Manager*

(Corporate Seal, if applicable)

## LENDER ACKNOWLEDGMENT

State of           §
                   §
County of          §

On this _____ day of _____, _____, before me,
_____, a Notary Public in and for said state,
personally appeared _____, _____
of  U.S. Bank Trust National Association as Trustee of the Igloo Series III Trust, by its attorney in fact, BSI
Financial Services

known to me to be the person who executed the within instrument on behalf of said entity, and acknowledged to me
that he/she/they executed the same for the purpose therein stated.

(Seal)

_____
Notary Signature

_____
Type or Print Name of Notary

Notary Public, State of_____

My Commission Expires:_____

ACKNOWLEDGMENT (MULTISTATE)                                                Page 4 of 4

Loan No.: 1461850225

<u>U.S. Bank Trust National Association</u>
as Trustee of the Igloo Series III Trust, --Lender
by its attorney in fact, BSI Financial
Services

03-13-18
-Date

By: /s/ Joseph Sampson

Its: Branch Manager

---

MODIFICATION BANKRUPTCY DISCLOSURE ADDENDUM-CHAPTER 13 BANKRUPTCY        Page 3 of 3